UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:18-CR-106-GFVT-MAS |
| v. ) | |
| ) | |
| GERALD G. LUNDERGAN and ) | |
| DALE C. EMMONS, ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Defendant Gerald G. Lundergan filed a Motion for Leave to File a Motion for a Bill of Particulars [DE 39], which Defendant Dale C. Emmons moved to join. [DE 41]. The government responded and argued the motion should be denied. Defendant Lundergan replied [DE 64], and Emmons again moved to join. [DE 65]. The District Court granted the motions to join. [DE 66]. The Court recommends the District Court grant leave to file a bill of particulars but deny the substantive motion.

**I.  BACKGROUND**

The grand jury indicted Defendants on August 31, 2018, with several counts of making false records and statements, and conspiring together to make unlawful campaign contributions to a candidate for United States Senate. [DE 1]. There are ten pending counts against Lundergan and six pending counts against Emmons. The Indictment is thirty-one pages in length, the first twenty pages of which set forth the factual basis for Count 1 and are incorporated into the factual basis for the remaining counts.

## II.   ANALYSIS

### A.   LEAVE TO FILE A BILL OF PARTICULARS

Defendants were arraigned on September 12, 2018. [DEs 15 and 16]. FED. R. CRIM. P. 7(f) requires defendants who wish to move for a bill of particulars to do so "before or within 14 days after arraignment or at a later time if the court permits." Yet, Defendant Lundergan made the instant motion for a bill of particulars on November 30, 2018, outside of the prescribed time limits. [DE 39]. Defendants argue that extra time was required due to the complexity of the statutes involved and allegations against them. The Court agrees that extra time is not unreasonable in this circumstance, and that the government, having already responded to the motion, will not be prejudiced by allowing the untimely motion for bill of particulars.

Thus, the Court recommends the District Court grant the motion for leave to file the motion for a bill of particulars outside the fourteen-day time period.

### B.   THE MERITS OF THE BILL OF PARTICULARS

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. [. . .] It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (internal citations omitted).

According to their motions, Defendants seek disclosure of twenty-eight specific pieces of information that they group into three categories: (1) information related to allegations of false reports and corporate contributions; (2) the specific services alleged to be illegal payments; and (3) specific overt acts and unindicted co-conspirators. Although these "categories" are intertwined, the Court addresses each of Defendants' categories below.

1. **Allegations of False Reports and Corporate Contributions**

Defendants argue that the Indictment alleges they "caused" false campaign reports to be filed and "concealed" the use of corporate funds to make contributions, but the Indictment does not explain how the Defendants allegedly caused the false reports to be filed or concealed the contributions. A careful reading of the Indictment, however, proves otherwise.

Specifically, counts four through ten of the Indictment set forth the specific dates the alleged acts took place and the entity which the United States alleges Defendants used to accomplish the violations. The Indictment alleges Lundergan participated in the Senate campaign at issue by communicating with and directing campaign employees, consultants, and third-party vendors as well as managing, approving, and overseeing campaign fundraising activities and payments. [DE 1 at ¶ 7]. The Indictment also alleges Emmons participated in the Senate campaign at issue by communicating with Lundergan, providing political consulting services to the candidate and the political committee, supervising and directing an individual known as "Person B," and by communicating with and directing third-party vendors. [DE 1 at ¶ 8]. Finally, paragraphs 14 through 20 of the Indictment explicitly describe, under the heading, "The Manner and Means of the Conspiracy," how Defendants allegedly caused the false reports to be filed or concealed the contributions. The Indictment states the conspiracy used the listed manner and means, "among others." [DE 1 at ¶ 8].

Despite these details, Defendants argue a bill of particulars is necessary because the Indictment does not specify *all* of the "manner and means." "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The United States set forth very specific details regarding the alleged violations of 18 U.S.C. §§

3

1519 and 2 and 18 U.S.C. §§ 1001(a)(2) and 2, which Lundergan and Emmons must defend. "A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." *United States v. Musick*, 291 F. App'x. 706, 724, (6th Cir. 2008). In *Musick*, the Sixth Circuit held that the indictment at issue would permit the defendant to defend against allegations of drug trafficking and money laundering because it "provided sufficient information regarding who purchased, delivered, stored, and distributed the cocaine and marijuana and the persons involved in the alleged money-laundering conspiracy and the source of the funds to be laundered." *Id*. The Indictment against Lundergan and Emmons provides similarly detailed information sufficient for the Defendants to mount a defense against the charges of violations of 18 U.S.C. §§ 1519 and 2 and 18 U.S.C. §§ 1001(a)(2) and 2, and guard against double jeopardy.

## 2. **Allegations of Illegal Payments for Services**

Defendants argue the Indictment does not identify the specific services that give rise to allegations of illegal payments for services. This argument is an attack on the merits of the charges against Defendants masquerading as a motion for a bill of particulars. For example, Defendants argue that

> a crucial legal issue in this case will be what is and is not a campaign "contribution" within the meaning of federal campaign finance law. Federal campaign finance law distinguishes between spending that is coordinated with or requested or authorized by a campaign and is therefore a "contribution," and spending that is undertaken independently of a campaign and is not treated as a "contribution."
>
> Importantly, corporations such as those owned by Mr. Lundergan are permitted to engage in unlimited spending independent of a federal campaign, even if such spending is helpful or beneficial to the campaign, so long as it was not requested or authorized by the campaign.

4

[DE 39-3]. These issues are not appropriately addressed in a motion for a bill of particulars. The District Court, however, addressed these issues in its ruling denying the motions to dismiss. [DE 66].[1]

### 3. Unindicted Co-conspirators and Specific Overt Acts

Finally, Lundergan argues a bill of particulars is necessary to identify the unindicted co-conspirators and "specify any additional overt acts not identified in the Indictment that the government will rely on at trial." [DE 39-3 at p. 3]. These arguments are easily disposed of by the well-settled case law of this circuit.

The Sixth Circuit unequivocally held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *see also United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) ("Defendant Rey claims his counsel's ability to prepare for trial was impeded because he did not have the name of the co-conspirator before trial. The government was not required to furnish this information. A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown[.]"). Defendant relies on one case from the D.C. District Court in which the Court required identification of unindicted co-conspirators that the Court finds unpersuasive here. [DE 39-3, citing *United States v. Trie*, 21 F. Supp.2d 7 (D.D.C. 1998)].[2]

---

[1] To the extent Defendants believe they are entitled to additional, more specific information than what is found in the Indictment, such as "a description of the 'services' allegedly provided by 'Person B' to the Campaign," the dates letters were mailed and calls were made, whether the campaign requested or authorized the payments, or the names of third-party vendors, the Court finds that this information is either already in the possession of the Defendants, could be discovered with due diligence, or is not needed to advise the Defendants of the charges against them and guard against double jeopardy.

[2] *Trie* is distinguishable from the matter at issue. In that case, the United States provided 45 pages of excerpted statements, including the names of 175 individuals who may have been the unindicted co-conspirators and could be witnesses against him at trial. *United States v. Trie*, 21 F. Supp.2d 7, 22 (D.D.C. 1998). Defendants cited several other district court cases in their Reply

5

Although the Indictment in this case mentions "persons both known and unknown," the allegations focus on unnamed individuals "Candidate A," "Person A," and "Person B." With minimal effort, Defendants Lundergan and Emmons should be able to determine the identity of these individuals. The Indictment leaves open the possibility that others were involved in the conspiracy. The Court finds, however, that the Indictment provides ample information to prepare a defense to the charges alleged. For example, paragraph 21 of the Indictment outlines ***forty-four specific overt acts*** in furtherance of the alleged conspiracy. These allegations include, with painstaking specificity, the dates on which financial transactions took place, the amounts of the transactions, the accounts from which the payments were made, and/or the specific individuals and entities listed as payees or payors on invoices. And yet, Defendants suggest that they remain wholly uninformed simply because, after describing these forty-four specific acts, the United States concludes with the common legal catch-all of "among others not described herein." [DE 1, Indictment ¶ 21]. As the Sixth Circuit has held, "a defendant is not entitled to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The forty-four specific overt acts alleged in the Indictment should "minimize surprise and assist [Defendants] in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Id*.

### III.  CONCLUSION

A bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). "[A] defendant is not entitled to a bill of particulars

---

[DE 64] from the Southern District of New York and the D.C. District Court, which the Court also finds unpersuasive, considering the Sixth Circuit case law on point.

with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991).  Defendants seek information that they likely already possess (for example, in their own business records) or could find out through their own investigations or are not even entitled to obtain (such as the identity of all unindicted co-conspirators).  The Court finds the instant motion is an attempt to obtain detailed disclosure of all evidence held by the government.  Accordingly, the Court **RECOMMENDS** the District Court **GRANT** the Motion for Leave [DE 39] and **DENY** the Motion for a Bill of Particulars [DE 39-3].

Entered this 29th day of March, 2019.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge