UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:18-cr-00106-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GERALD G. LUNDERGAN and | ) | **&** |
| DALE C. EMMONS, | ) | **ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Matthew A. Stinnett. [R. 67.] Defendant Gerald G. Lundergan filed a Motion for Leave to file a Motion for Bill of Particulars [R. 39], which Defendant Dale C. Emmons joined [R. 41; R. 66.] Consistent with local practice, Judge Stinnett reviewed the motion, recommending to the Court that the Motion for Leave be granted but the underlying Motion for Bill of Particulars be denied. [R. 67.]

Under Federal Rule of Civil Procedure 72(b)(2), a party has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Lundergan filed timely, specific objections on April 12, 2019. [R. 68.] Accordingly, the Court has an obligation to conduct a *de novo* review of the Magistrate Judge's findings. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. Mr. Emmons, in contrast, filed no objections to the Recommended Disposition. For the following reasons, Mr. Lundergan's objections will be **OVERRULED**, and Judge Stinnett's Recommendation will be **ADOPTED**.

# I

Though the allegations have already been outlined in this matter, the Court includes a brief summary here and adopts by reference the summary previously included in the Court's Orders. [*See, e.g.*, R. 66.] Additionally, Judge Stinnett's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Stinnett's discussion of the record in this Order. In August 2018, a federal grand jury returned an Indictment against Gerald G. Lundergan and Dale C. Emmons, including ten counts against Mr. Lundergan and six counts against Mr. Emmons. [R. 1.] Both Defendants were charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, one count of unlawful corporate campaign contributions in violation of 52 U.S.C. §§ 30118 and 30109(d)(1)(A)(i) as well as 18 U.S.C. § 2, two counts of making false statements in violation of 18 U.S.C. §§ 2 and 1001(a)(2), and two counts of falsification of records in violation of 18 U.S.C. §§ 2 and 1519. *Id.* Against Mr. Lundergan, the indictment adds two additional violations of 18 U.S.C. § 1001(a)(2) and two

additional violations of 18 U.S.C. § 1519. *Id*. The ***thirty-page*** Indictment alleges Mr. Lundergan and Mr. Emmons conspired to make illegal contributions of corporate money to Candidate A and Political Committee 1 and then caused Political Committee 1 to make false statements to and file false records with the Federal Election Commission. This lengthy Indictment includes nearly ***twelve*** pages listing specific payment amounts, dates, partial account numbers, and the names of the payee and payor for each transaction, alleging that each transaction was an overt act of the charged conspiracy. [R. 1 at 8–20.]

## II

### A

As an initial matter, Judge Stinnett recommended granting the Defendants' motion for leave to file a bill of particulars. [R. 67 at 2.] If a defendant wishes to move for a bill of particulars, he or she must do so within fourteen days of arraignment or after seeking leave of the Court. Fed. R. Crim. Pro. 7(f). Both Defendants were arraigned on September 12, 2018, but did not seek a bill of particulars until November 30, 2018. [R. 16; R. 39.] However, Judge Stinnett determined the extra time was warranted, given the complicated nature of this matter. [R. 67 at 2.] Additionally, the Government responded to the underlying motion and was not prejudiced by its untimely filing. [R. 67 at 2.] Neither party objected to this portion of the Magistrate's Recommended Disposition [R. 68; R. 70], and when no objections are made, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Defendants' Motion for Leave to File is **GRANTED**, and the Court now proceeds to discuss the substantive motion for a bill of particulars.

**B**

Judge Stinnett recommended denying the Motion for Bill of Particulars because he found the motion to be "an attempt to obtain detailed disclosure of all evidence held by the government." [R. 67 at 7.] Defendants sought information related to the allegations of false reports and corporate contributions, specific services alleged to be illegal payments, and specific overt acts and unindicted co-conspirators. *Id*. at 2. Defendants argued that the Indictment did not explain how they had allegedly caused false reports to be filed or how they allegedly concealed contributions, but both Judge Stinnett and the undersigned disagree. *Id*. at 3. Judge Stinnett determined the twelve pages listing the details of each alleged payments sufficiently informed the Defendants of the charges and would permit them both to mount specific defenses to the allegations. *Id*. at 3–4. Furthermore, Judge Stinnett disagreed with Defendants' request for information regarding the specific services alleged to be illegal payments, as that information was either already in their possession, could be discovered with due diligence, or would not be needed for a legally sufficient indictment. *Id*. at 5. Finally, as to the specific overt acts, Judge Stinnett found the Indictment specifies the details of each transaction, and as to the unindicted co-conspirators, Judge Stinnett found the Sixth Circuit does not require the Government to furnish those names. *Id*. at 5–6. For these determinations, Mr. Lundergan has filed five specific objections.

**1**

First, Mr. Lundergan objects to the procedure used by Judge Stinnett, arguing that the Magistrate Judge's failure to weigh countervailing interests was clearly erroneous and contrary to law. [R. 68-1 at 11–16.] A bill of particulars is intended to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to

4

avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction . . . ." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). "When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). Accordingly, courts should "balance the defendant's need for the information against the effect of narrowing the Government's scope of proof." *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987). The test for granting a motion for a bill of particulars is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (quoted by *United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987)). The Magistrate did not specifically state that he was conducting a balancing test between the interests of the Government and those of the Defendants. However, in the Sixth Circuit, the test for whether a bill of particulars should be furnished is "whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129).

For the conspiracy charge in this matter, not only does the Indictment outline the elements of the crime, the Indictment also includes extremely specific information about many alleged overt acts including the date of a payment, amount of that payment, partial account number from where that payment was withdrawn, name of the account holder, descriptions of the payees, and information regarding what service the payment was supposedly remitted for. [R. 1 at 5–20.] Further information in the Indictment informs the Defendants that these payments were allegedly made by a corporation without reimbursement from Political Committee 1. *Id.* at 7–8. As for the counts concerning false statements and records, the charges specify dates on

5

which the Defendants "caused a report to be filed by Political Committee 1 with the Federal Election Commission" by allegedly failing to report contributions from a corporation. *Id*. at 22–29.

All of this detail is sufficient for the Defendants to mount a defense against the charges, and the Indictment includes sufficient information that the Defendants will not be subject to prejudicial surprise, as Judge Stinnett determined. *See Musick*, 291 F. App'x at 724. Judge Stinnett was not required to specifically weigh Mr. Lundergan's interests in disclosure against the Government's interest in avoiding restriction of proof at trial. *Id*. Accordingly, the Court finds that Judge Stinnett's analysis was not contrary to law and overrules Mr. Lundergan's first objection.

**2**

Next, Mr. Lundergan objects to the Recommended Disposition because "the Indictment fails to apprise Lundergan of the persons involved in the alleged 'contributions,' or the nature of services that were allegedly provided to the campaign by Emmons, 'Person B,' and other vendors whose activities are central to the charges against Lundergan." [R. 68-1 at 17.] Specifically, Mr. Lundergan believes Judge Stinnett came to the wrong conclusion on whether the Indictment sufficiently apprises him of the charges. *Id*. at 16. The Court agrees with Mr. Lundergan that this case is complex. However, contrary to his assertions, the Indictment *does* apprise Mr. Lundergan of the persons involved, the nature of the services, and the vendors paid. *See id*. at 17. The list of overt acts describes which defendant allegedly authorized the payment, which account that payment was remitted from, what date the payment was authorized, how much that payment was for, and a brief description of the reason for payment. [R. 1 at 8–20.] For example, the Indictment alleges,

> On or about July 31, 2013, Person A authorized a check in the amount of approximately $10,715.00 from Fifth Third Bank account *****563, which was held in the name of S.R. Holding Co., Inc., to a third-party vendor as payment for audio-video production and related services provided to Political Committee 1 and Candidate A on or about July 30, 2013.

*Id.* at 9. To be sure, the allegation does not include the name of Person A, Political Committee 1, Candidate A, or the third-party vendor, but such information is not required for Mr. Lundergan to prepare a defense. Defendants have already indicated they knew to whom Candidate A and Political Committee 1 refer. [*See, e.g.*, R. 33.] Additionally, the names of Person A and the third-party vendor would be easily determined through discovery and the Defendants' own bank records by matching the date and amount of the check.

As to Person B, who also remains unnamed in the Indictment, the Indictment alleges that on September 10, 2013, Mr. Emmons submitted an invoice for "Consulting Services Retainer," which Mr. Lundergan paid on the same date, specifically for services provided by Mr. Emmons and Person B. [R. 1 at 11–12.] The next day, Mr. Emmons remitted payment to Person B as compensation for those services. *Id.* at 12. Again, Defendants' own bank records would be able to establish the information Mr. Lundergan requests, without the need for a bill of particulars. Therefore, Judge Stinnett's assertion that a bill of particulars is not necessary for the Defendants to prepare their defenses is not contrary to law or clearly erroneous, and the Court also overrules this second objection.

**3**

Additionally, Mr. Lundergan disagrees with Judge Stinnett's finding that the Indictment sufficiently includes information concerning how and why the Defendants caused the filing of

false campaign finance reports. [R. 68-1 at 18–21.] He also objects to Judge Stinnett's recommended denial as to the names of unindicted coconspirators. *Id*. at 21–24. Mr. Lundergan repeats his assertion that the proper test was for Judge Stinnett to balance Mr. Lundergan's interests against the interests of the Government, and he argues that the Government has no specific interest against disclosure. *Id*. at 20–21, 23. However, such a balancing is unnecessary, as the test is whether the indictment sufficiently allows the Defendant to mount a defense against the charges and whether the Indictment includes sufficient information that the Defendants will not be subject to prejudicial surprise. *See United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). In cases of fraud or falsification of documents, general dates and descriptions of the actions give defendants sufficient notice of the charges. *United States v. Younes*, 194 F. App'x 302, 310–11 (6th Cir. 2006). "[T]he government is not obliged to provide the names of a defendant's alleged co-conspirators." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)).

Furthermore, the Government has thus far provided ample discovery by which Mr. Lundergan could discern the identifies of others involved, as well as their roles in the alleged conspiracy. The Government submitted a detailed list, under seal, of discovery produced to the Defendants, including dates of events, names, email addresses, bank records, campaign records, grand jury transcripts, search warrant records, and interviews of potential witnesses. [R. 72.] From this discovery, Defendants could discern the possible identities of their unindicted coconspirators and determine how precisely the Government believes they committed these crimes, without the need for a bill of particulars. *Page*, 575 F. App'x at 643. Accordingly, Mr.

Lundergan's third and fourth objections concerning Judge Stinnett's recommendation are also overruled.

**4**

Finally, Mr. Lundergan objects to Judge Stinnett's denial of a bill of particulars as to the "other" overt acts the Government could seek to prove at trial. [R. 68-1 at 24–26.] The Indictment lists forty-four specific overt acts after alleging that these acts "among others not described herein" were done in furtherance of the purported conspiracy. [R. 1 at 8–20.] However, Mr. Lundergan argues that the Magistrate Judge should have weighed Mr. Lundergan's interests against those of the Government's and determined that the other overt acts were necessary to the preparation of his defense. [R. 68-1 at 24–25.] Again, the inquiry is whether a bill of particulars is necessary for a defendant's preparation, not whether his interests in the production of such information outweigh the Government's interests in preventing disclosure. *See United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). Here, Mr. Lundergan has received ample information to identify the alleged overt acts, and he is not entitled to discover all overt acts the Government might present at trial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The Government has established a sufficiently detailed factual basis to support the charges in the indictment, therefore, a bill of particulars is not necessary for Mr. Lundergan to prepare his defense. *Id*. Accordingly, Mr. Lundergan's final objection is overruled as well.

**III**

A bill of particulars has a discrete purpose in preventing surprise for the defendant, providing information necessary to prepare his or her defense, and to preclude prosecution for the same crimes. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). It is not,

however, a way for a defendant to obtain a detailed disclosure of the Government's proof and theories of the case. *Id*. The Indictment here sufficiently alleges acts and charges of both Mr. Lundergan and Mr. Emmons to obviate the need for a bill of particulars. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Gerald G. Lundergan's Objections to the Magistrate Judge's Report and Recommendations [**R. 68**] are **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 67**] as to Defendants Gerald G. Lundergan and Dale C. Emmons is **ADOPTED** as and for the opinion of the Court;

3. Defendants' Motion for Leave to File a Motion for Bill of Particulars [**R. 39**] is **GRANTED IN PART** as to the request to file a motion for a bill of particulars out of time;

4. Defendants' Motion for Leave to File a Motion for Bill of Particulars [**R. 39**] is **DENIED IN PART** as to the underlying request for a bill of particulars; and

5. The Government's Motion for leave to Seal a Document [**R. 71**] is **GRANTED**.

This the 13th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge