UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Criminal No. 5:18-cr-00106-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION** |
| GERALD G. LUNDERGAN and DALE C. EMMONS, | ) ) ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant Gerald G. Lundergan's Motion to Exclude Government Exhibits 68A-1 through 68A-17, 68B-1 through 68B-38, and 68C-1 through 68C-214. [R. 234.] The Court denied this Motion at the bench. [R. 253.] Consistent with the bench ruling, the Court further sets forth its reasons for denying the Motion[1].

**I**

The exhibits at issue consist of a series of email threads between Defendant Dale Emmons and others. Even though all parties and the Court received copies of these email exhibits nearly two weeks prior, on August 26, 2019 at 8:39 a.m., Counsel for Mr. Lundergan objected to the admission of these emails, asserting various combinations of lack of authentication, hearsay and "double hearsay" in regard to each. [R. 234-1.] Counsel for Mr. Emmons joined in the Motion generally; however, counsel for Mr. Emmons conceded

---

[1] From the bench, the undersigned informed counsel he would take the motion under advisement as to one exhibit, 68C-78. Having reviewed the exhibit again, and seeing how the Government's case has progressed, the undersigned doesn't believe the concerns he previously raised with the parties [R. 236] are confirmed. The one isolated email was not offered for the truth of the matter asserted. The Defendants' motion to exclude is denied as to this exhibit as well.

authentication and that the emails that purport to be sent from Mr. Emmons' email address are, in fact, statements made by Mr. Emmons.

The United States anticipated it would be able to properly authenticate all the email exhibits, and further argued that each email falls under an exception to the hearsay rule. It argued that many of these emails are statements made by Dale Emmons himself, and therefore qualify as statements of a party opponent. Fed. R. Evid. 801(d)(2)(A). The United States has also alleged that Messrs. Lundergan and Emmons were involved in conspiracy surrounding the campaign contributions, and therefore in some instances, the co-conspirator exception to the hearsay rule might apply. As to the emails that are not statements made by Mr. Emmons (i.e., the emails her received from third-parties), the United States argued that they are not offered for the truth of the matter asserted, but rather to show the context of the conversations and the effect on the listener. At the close of proceedings on August 26, 2019, the Court ruled from the bench that Defendant's Motion was DENIED.

## II

### A

To properly authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). In the context of email authentication, "the key consideration . . . is not simply whether the witness on the stand was a sender or recipient of the email, but whether the testifying witness can speak to the email's unique characteristics, contents, and appearance." *United States v. Bertram*, 259 F. Supp. 3d 638, 641 (E.D. Ky. 2017). Circumstantial evidence is sufficient to authenticate an email. *See United States v. Cosgrove*, 637 F.3d 646, 658 (6th Cir. 2011); *see also United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (applying this rule to authentication of emails). As

2

this Court has noted before, "Federal Rule of Evidence 901 establishes a seemingly low bar for authenticating or identifying evidence in the first instance[.]" *Bertram*, 259 F. Supp. 3d at 641.

When this Motion was filed, the United States had not yet even attempted to authenticate and introduce these emails. Special Agent Tyler John "T.J." Hanna took the stand on Tuesday, August 28, 2019. [R. 252 at 3.] Agent Hanna testified that he worked on the investigation of the Defendants and reviewed a number of documents as part of that investigation. *Id.* at 4. He testified that the FBI served a grand jury subpoena on Mr. Emmons, and in response the FBI received several emails. *Id.* at 74. Agent Hanna stated that he reviewed those emails and identified emails "sent by Mr. Emmons or associated with the work that he was doing during the period from July through December 2013," including the emails marked as Government Exhibits 68C-1 through 68C-214. *Id.* Based on this testimony, the Government moved for admission of the exhibits, and the Court granted that motion. *Id.* The Court found that Agent Hanna's testimony was sufficient to properly authenticate the emails. The fact that these emails were sent to and from Mr. Emmons email account, the contents of the emails, and the circumstances in which they were discovered all help to establish their authenticity. Accordingly, Defendants' Motion to Exclude due to a lack of authenticity is DENIED.

**B**

Of course, "even if an email is properly authenticated, it still must be substantively admissible." *Id.* at 643. The Motion alleges that many of these emails contain inadmissible hearsay. Hearsay is an out of court statement offered for the truth of the matter asserted in the statement. Fed. R. Evid. 801(a)-(c). Generally, hearsay is inadmissible as evidence; however a number of exceptions exist. For example, an out of court statement may be admissible when

"the statement is offered against an opposing party and was made by the party in an individual or representative capacity." Fed. R. Evid. 801(2)(A).

Likewise, statements made by co-conspirators are sometimes an admissible exemption to the hearsay rule. Federal Rule of Evidence 801(d)(2)(e) provides that an out of court statement is admissible when the statement is "offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. 801(d)(2)(e). In *United States v. Enright*, the Sixth Circuit established a test for admitting a co-conspirator's out of court statement pursuant to Rule 801. *See generally United States v. Enright*, 579 F.2d 980 (6th Cir. 1978). In order to admit evidence under 801(d)(2)(e), the District Court must make the requisite *Enright* findings, namely: "(1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirators statements were made in furtherance of the conspiracy." These elements need only be proven by a preponderance of the evidence. *Enright*, 579 F.2d at 986. Notably, the Court need not make these findings at the prior to admission of the statement. "If one of the conditions for admission is not yet supported by evidence . . . the court may conditionally admit the statement[,]" and make the *Enright* findings at some later point. *United States v. Samuels*, 2019 U.S. App. LEXIS 21253, *18-*19 (6th Cir. July 18, 2019). The Court may consider the objected-to emails themselves in determining the ultimate question of admissibility. *See United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979).

Finally, an out of court statement may be admissible if it is *not* offered for the truth of the matter asserted, but for some other purpose. For example, "[a] statement offered as evidence of the bare fact that it was said, rather than for its truth, is not hearsay." *United States v. Rodriguez-Lopez*, 565 F.3d, 312, 314 (6th Cir. 2009). Similarly, "[a] statement that is not offered to prove

the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2009).

First, counsel for Mr. Emmons conceded that the emails are from Dale Emmons' email address are "statement[s] . . . offered against an opposing party and was made by the party in an individual or representative capacity." Fed. R. Evid. 801(2)(A). Therefore, those emails are admissible against Mr. Emmons pursuant to Rule 801(2)(A). As to Mr. Lundergan, the Court will conditionally admit the emails written by Mr. Emmons pursuant to the co-conspirator exception to the hearsay rule, subject to further *Enright* findings. Lastly, the email threads contain emails that were merely received by Mr. Emmons, and therefore are not admissible as a statement of a party opponent, or beneath the umbrella of the co-conspirator exception. The United States has said that it included these emails to show the context of the conversations, and to explain why Mr. Emmons responds the way he does in the emails he drafts himself. Having individually reviewed every exhibit to which Mr. Lundergan has objected, the Court finds that the emails written by third parties are admissible for the non-hearsay purpose of illustrating the effect on the listener, Mr. Emmons.

## C

As a final matter, the Court turns statements made about the "cumulative" nature of the email exhibits. The United States intends to enter over two hundred email exhibits through Special Agent Hanna. This number has been described as "cumulative" by both Defendants.

Rule 403 provides allows the Court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. *Black's Law Dictionary* defines cumulative evidence as "[a]dditional evidence that supports a fact established by the existing evidence (especially that

5

which does not need further support)." *Cumulative Evidence*, Black's Law Dictionary (11th ed. 2019). Here, the United States has argued that the volume of emails is necessary to present a pattern of daily involvement by Mr. Emmons in the Alison for Kentucky Campaign. The Court has reviewed each of these email exhibits, and no one by itself is overly probative of Mr. Emmons' involvement in the Alison for Kentucky campaign. However, taken together, as the United States has argued, the volume of emails serves and additional and appropriate evidentiary function. Accordingly, the Court declines to exclude these emails on the grounds that they are cumulative under Rule 403.

This the 29th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge