UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:18-cr-00106-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GERALD G. LUNDERGAN and | ) | |
| DALE C. EMMONS, | ) | |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Defendant Gerald G. Lundergan's Motion to Exclude Government's Proposed Exhibits 61H, 61L, 61S, 61T, 61V, 61W, 61X and 61Y. [R. 247.] The Court ruled on this motion at the bench. [R. 259.] The motion was Granted with respect to exhibit 61H, and Denied with respect to 61L, 61S, 61W, 61X, and 61Y. The motion was Denied as Moot with respect to Exhibit 61T. The Court took the objection to Exhibit 61V under advisement over the lunch hour, but ultimately granted the Motion with respect to 61V. [R. 260.] Consistent with the bench ruling, the Court further sets forth its reasoning.

**I**

Defense counsel never hesitates to burn the midnight oil. In a motion filed just after midnight on the morning of August 28, 2019, the Defendants objected to several exhibits the Government intended to introduce through former Alison for Kentucky campaign manager, Jonathan Hurst. [R. 247.] The motion raises a myriad of objections under Rules 401, 403, 404(b) and hearsay objections. *Id.* The Defense also argues that introduction of some of these exhibits might even be violative of the Fifth Amendment. *Id.*

Because of the late hour and being in the midst of trial, the United States has again been unable to file a written response. However, the Court heard argument on the motion outside of the presence of the jury. [R. 259 at 56–153.] After argument, the Court ruled from the bench that the motion was GRANTED with respect to 61H, and DENIED with respect to 61L, 61S, 61W, 61X and 61Y. The motion was DENIED AS MOOT as to 61T, because the United States represented that they did not intend to introduce that exhibit. Finally, the Court took the exclusion of exhibit 61V under advisement, and later ruled from the bench to exclude that exhibit as well.

## II

### A

Evidence is only admissible if it is relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevance does not equal admissibility. For example, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Some relevant evidence is admissible for one purpose but not another. For instance, "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but the same evidence would be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Even then, "[t]o be admissible, evidence of [a] defendant's prior bad acts must be substantially similar and reasonably near in time to the

2

charged offense." *United States v.* Wynn, 987 F.2d 354, 357 (6th Cir. 1993).  Similarly, an out of court statement is inadmissible hearsay if offered for the truth of the matter asserted, but may be admissible as evidence under one of the exceptions to the hearsay rule.  Fed. R. Evid. 801(c), (d); Fed. R. Evid. 802.

## B

The Motion [R. 247] objected to entry of many different exhibits, of many different types.  Additionally, the Court granted the motion as to some and denied as to others.  For the sake of clarity, the exhibits are addressed here individually.

**61H –** *Granted.*  Exhibit 61H is an email thread sent from Jonathan Hurst to Defendant Gerald Lundergan.  [R. 247-1.]  Included in that email is an article forwarded from Mr. Hurst to Mr. Lundergan concerning the funding of an Alison for Kentucky campaign bus.  In the article, the author "speculates Lundergan's company was renting the bus to the Campaign below fair market value," which could be a violation of campaign finance laws.  [R. 247 at 4.]  The United States intended to offer the email as evidence that Mr. Lundergan was on notice about FEC rules and regulations he is charged with violating.  [R. 259 at 134.]

The email is relevant to the issue of notice; however, its probative value is substantially outweighed by the danger of unfair prejudice.  The article heavily implies that Mr. Lundergan has violated campaign finance laws with regard to the bus, even though the FEC investigated the matter and ultimately dismissed the complaint.  To put a newspaper before the jury would unfairly prejudice Mr. Lundergan because the article implies that Mr. Lundergan has previously engaged in unlawful acts.

**61L –** *Denied.*  Exhibit 61L is an email from Mark Putnam of Putnam Partners to Will Leubsdorf, Gerald Lundergan, and Jonathan Hurst.  [R. 247-2.]  The parties to the email discuss

3

the various companies through which Alison for Kentucky campaign ads could be sent to television stations. The Defense objected to the email based on relevancy and "incendiary language" in the email. Although the Defense dislikes the phrase "stupid spending," the email is relevant on the issue of whether Mr. Lundergan had involvement in the campaign's finances. Its probative value on this point is not substantially outweighed by the danger of unfair prejudice that might result from the phrase "stupid spending." For these reasons, the Court denied the motion to exclude this exhibit.

**61S and 61W–** *Denied.* The Defense objected to these exhibits in conjunction with one another. Exhibit 61S is an email from Chris Carr to Jonathan Hurst identifying "Mrs. Lundergan" as treasurer for a joint fundraising account between the Alison for Kentucky Campaign and the Kentucky Democratic Party. [R. 247- 3.] Exhibit 61W is an email from Chris Carr to Mr. Lundergan and Jonathan Hurst about Mr. Lundergan's outreach for the Kentuckians United coordinated campaign. First, according to the defense, 61S is simply inaccurate, as Mrs. Lundergan was not the treasurer of any entity. Next, the defense assumed "the Government presumably plans to use the 61S . . . ant 61W to demonstrate that the coordinated campaign effort did not launch until the summer of 2014," which the Defense contends would be "grossly misleading" and "premised on a confused understanding of campaign finance law." [R. 247 at 6.] This is part of the Defense argument that there is no begin-date for the coordinated campaign, because "[t]he state party exists 365 days a year." *Id.* at 7. Finally, the defense also objected based on relevance and prejudice grounds.

To the extent that 61S states inaccurate information, that issue can be cleared up by cross examination. The same is true of 61W, which the defense argues contains incorrect contribution limits. Finally, while it might be true that as a legal matter the state party can participate in

4

fundraising at any time, the emails could be introduced to show when the coordination actually began. The Defense may disagree with the characterization of the evidence, but that does not mean it is inadmissible. For these reasons, the Court denied the motion to exclude these exhibits.

**61T –** *Denied as moot.* When asked about this exhibit, the United States stated that they no longer intended to introduce the exhibit. [R. 259 at 151.] Accordingly, the undersigned denied this motion as moot from the bench. *Id.* at 152.

**61V –** *Granted.* The Court initially took this exhibit under advisement before ruling from the bench that it should be excluded. Exhibit 61V is an email from Mr. Emmons to Mr. Lundergan in which he copy and pastes regulations surrounding spending by local and state party PACs from the FEC website. [R. 247-5.] The United States intended to offer this as evidence that the Defendants were on notice that the FEC has rules and regulations governing campaign finance and fundraising. However, the rules and regulations copy and pasted into the email are not the same rules and regulations that the Defendants are said to have violated in this case, and therefore the email cannot go to notice. In addition, to put this email before the jury could cause confusion about the applicable law. For these reasons, the Court granted the Motion to exclude this exhibit.

**61X –** *Denied.* The Defense objected to the introduction of this exhibit on prejudice and hearsay. Exhibit 61X is an email from Elizabeth Cantrell to Mike Davidson and Jonathan Hurst. [R. 247-7.] The email contains an attachment of a mock-up of a ticket to a campaign even that took place in October 2014. On the ticket is a "Paid for By Alison for Kentucky" disclaimer. The Defense objected on the grounds that the ticket was "only a mock-up" and not a final version of the even ticket, and therefore prejudicial. The Defense was also concerned that "the Government seeks to introduce this exhibit to demonstrate that the event, which was paid for by

both the Campaign and the Kentucky Democratic party, should have been paid for entirely by the Campaign because Alison Lundergan Grimes was the only speaker (Other than Clinton) at the event. The Defense also objected based on hearsay.

Here again, if the Defense is concerned with whether or not this is what the final copy of the ticket looked like, that issue can be cleared up on cross examination. The United States represented that it did not intend to argue that the Campaign was entirely responsible for paying for the event; only as "incremental evidence" that the Alison for Kentucky campaign was responsible for paying for the event. Finally, the ticket is not hearsay, because it is not offered for the truth of the matter asserted. It doesn't have to be true that the event was actually paid for by the Alison for Kentucky campaign. The fact that the disclaimer exists on the ticket is evidence of the campaign acknowledging that this it is the type of event it would be partially responsible for funding. For these reasons, the Court denied the motion to exclude 61X.

**61Y –** *Denied.* Lastly, the Defense sought to exclude Exhibit 61Y on the grounds that it is "inadmissible hearsay not subject to an exception, with little probative value to this case." [R. 247 at 15.] Exhibit 61Y is an email exchange between Jonathan Hurst and Annie Levine who worked for Campaign vendor Rising Tide Interactive. [*Id.*; R. 247-9.] The Defense worried that the United States sought to present this email as "another in the Government's series of alleged improper payments by Lundergan[.]" To the contrary, the United States sought to introduce the email as "an example of the way things should have worked." Further, the email is admissible as an exception to the hearsay rule. It is admissible to show Mr. Lundergan was on notice of the way campaign billing should be conducted. For these reasons, the Court denied the motion to exclude Exhibit 61Y.

**III**

The foregoing supplements the previous rulings from the Bench. The Minute Order at R. 263 documents these rulings.

This the 3d day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge