UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | Criminal No: 5:18-cr-00106-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GERALD G. LUNDERGAN and | ) | **&** |
| DALE C. EMMONS, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Sometimes a case involves too voluminous a number of recordings to be conveniently examined in court. In those cases, a party may present a summary or chart of those recordings as proof which can be used during jury deliberations. Fed. R. Evid. 1006. The Government believes its Proposed Exhibits 104A-L, 105A-E, 106, and 107 should be admitted under that rule—Rule 1006. But whether the number of recordings is too voluminous depends on if there are enough recordings to make "comprehension difficult and inconvenient."[1] *U.S. v. Bray*, 139 F.3d 1104, 1109 (6th Cir. 1998) (quotation removed). That is not this case. All together the exhibits only summarize a total of 92 documents. Therefore, admission under Rule 1006 is not the proper vehicle.

Instead, can the exhibits get in as secondary-evidence summaries? That answer, too, is no. Such evidence should only be admitted in "unusual circumstances" and when it "accurately and reliably summarize[s] complex or difficult evidence." *Bray*, 139 F.3d at 1109. Here, the Government is not summarizing "thousands of pages of previously-admitted exhibits," nor are

---

[1] The 1972 Advisory Committee Notes further suggest that admission of summaries should only be used when they are "the only practicable means of making their contents available."

the individual transactions being discussed by the summaries particularly complex. *See U.S. v. Kerley*, 784 F.3d 327, 341 (6th Cir. 2015). Each of the Exhibits also has the potential to prejudice the jury by drawing the inferences for the jurors. To allow their admission would allow the Government's case, in part, to retire into the deliberation room with the jurors. *See Bray*, 139 F.3d at 1110. Nonetheless, each of these summaries can be presented as demonstratives during the direct examination of the Government's witness.

Accordingly, and the Court being sufficiently otherwise advised, it is hereby **ORDERED** that the Defendants' motion to exclude the government's proposed demonstrative exhibits 140 A-L, 105A-E, 106 and 107 [R. 258] as evidence is **GRANTED.**

This 3d day of September, 2019.

Gregory F. Van Tatenhove
United States District Judge